IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NUMBER 6:23-CR-00024-JCB |
| v. | § | |
| | § | |
| | § | |
| AMAHAD RASHAD WILLIAMS | § | |
| | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On December 22, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Amahad Rashad Williams. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by federal public defender Jon Hyatt.

Defendant originally pled guilty to the offense of Felon in Possession of Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. On July 2, 2024, U.S. District Judge J. Campbell Barker of the Eastern District of Texas sentenced Defendant to a total of 21 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol abstinence, substance abuse treatment and training, and mental health treatment. On July 17, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

1

Under the terms of supervised release, Defendant was required to report to the probation office. In its petition, the government alleges that Defendant violated his conditions of supervised release when he failed to report to the probation office on December 5, 9, 10, 2024.

If the court finds by a preponderance of the evidence that Defendant violated his conditions of supervision by failing to notify his probation officer of his change in residence, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 5 months imprisonment with no supervised release to follow.

Therefore, the court **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to a period of 5 months imprisonment with no supervised release to follow. The court **FURTHER RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 29th day of December, 2025.**

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE